UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS,
5124 Clavel Ter.
Rockville, MD 20853,

    Plaintiff,

vs.

ANIL KAPUR,

    Defendant.
_____/

**COMPLAINT
and
<u>JURY DEMAND</u>**

Plaintiff, Darrell Rogers, by and through his undersigned attorneys, files this Complaint for injunctive and declaratory relief, damages, costs, and attorneys' fees against Defendant, Anil Kapur, and as good grounds states as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.    This action arises as a result of Defendant's discriminatory actions perpetrated against families with children with regards to the rental of an apartment located at 2712 Cathedral Ave NW, Washington DC, 20008 (the "Dwelling").

2.    Specifically, Defendant has violated the Fair Housing Act by, among other things, making, printing, and publishing, and causing to be made, printed, and published any statement or advertisement, with respect to the sale or rental of the Dwelling, that indicates any preference, limitation, or discrimination based on familial status.

1

## JURISDICTION AND VENUE

3. Jurisdiction is invoked pursuant to 42 U.S.C. § 3613(a), in that Plaintiff asserts his claims of housing discrimination in a civil action, and also pursuant to 28 U.S.C. §§ 1331, 2201 and 1343(a)(4), in that this is a civil action seeking to redress the deprivation of the right to fair housing secured to Plaintiff by the Fair Housing Act.

4. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff seeks preliminary and permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that the events and/or omissions giving rise to the claims herein occurred in this district, and the Defendant conducts business in this district.

## PARTIES

6. Plaintiff, Darrell Rogers, is the father of two young children.  Mr. Rogers is deeply committed to fair housing and the goals of the Fair Housing Act.  Mr. Rogers was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendant.

7. Defendant is the owner of the Dwelling and author of the discriminatory advertisements.

## FACTUAL ALLEGATIONS

8. On March 25, 2016, while looking through real estate advertisements, Mr. Rogers visited: homeaway.com/vacation-rental/p905611 and vrbo.com/349398, and encountered advertisements for the rental of the Dwelling.

9. The advertisements indicated that the Dwelling was not suitable for children.

10. Being familiar with Fair Housing laws, Mr. Rogers was shocked that the advertisements contained such overtly discriminatory language, in blatant disregard for federal fair housing laws.

11. The advertisement at vrbo.com/349398 indicated that the Dwelling is available for monthly rentals with no maximum length of stay.

12. Upon information and belief, Defendant developed the text of the advertisements, including the text of the blatantly discriminatory language.

13. As an individual who is dedicated to combating discrimination and advancing fair housing, and as a father of two young children, Mr. Rogers was emotionally distraught and extremely insulted by the advertisements and evidences of discrimination that he viewed and uncovered.

## COUNT 1:
## VIOLATION OF THE FAIR HOUSING ACT

14. Plaintiff repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

15. This Count 1 is brought by Plaintiff against the Defendant.

16. Defendant is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant and her agents.

17. Defendant has violated the Fair Housing Act by, among other things, making, printing, or publishing, or causing to be made, printed, or published a notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status.

18.     A discriminatory purpose, not any legitimate reason, was a motivating factor behind Defendant's aforementioned discriminatory actions and/or omissions.

19.     As a result of Defendant's actions, omissions, policies and procedures as described above, Plaintiff suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of his right to a fully integrated community.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     declare the actions, omissions, policies, and procedures of Defendant complained of herein to be in violation of the federal Fair Housing Act, specifically 42 U.S.C. § 3604(c);

B.     enter a permanent injunction enjoining Defendant her successors, and her servants, agents and employees, and all those acting in concert with them, from making, printing, or publishing notices, statements, or advertisements that indicate a preference, limitation, or discrimination based on familial status;

C.     enter a permanent injunction compelling Defendant, her successors, and her servants, agents and employees, and all those acting in concert with them, to adopt policies, procedures and practices, which will ensure that no advertisements indicating a preference, limitation, or discrimination based on familial status are made, printed, or published in the future;

D.     award compensatory damages to Plaintiff against Defendant to compensate Plaintiff for, among other things, the humiliation, embarrassment, and emotional distress caused by Defendant's discriminatory actions;

E.     award Plaintiff his costs and reasonable attorneys' fees in this action; and

F.	award Plaintiff such other and further relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

Respectfully submitted,

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744


By:   *s/ Shawn A. Heller*
	Shawn A. Heller